946 F.2d 1567
 292 U.S.App.D.C. 87
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Andrew SOLOMON, Appellant.
 No. 90-3180.
 United States Court of Appeals, District of Columbia Circuit.
 April 26, 1991.
 
 Appeal from the United States District Court for the District of Columbia, No. CR-90-00121-01.
 Before MIKVA, Chief Judge, WALD and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia, and on the briefs filed by the parties and argument by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the conviction is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Appellant Andrew Solomon was convicted of possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (1988), and of possessing marijuana, 21 U.S.C. § 844(a)(2) (1988). Solomon seeks reversal of the cocaine conviction, arguing that a search of his luggage by officers assigned to drug interdiction duty at Washington, D.C.'s Union Station was neither voluntary nor incident to his arrest, so drugs found therein should not have been admitted into evidence at trial.
 
 
 5
 We find troublesome the district court's holding that the search of Solomon's luggage could be justified as incident to arrest even though Detective Lawrence Coates testified that he had at that point determined not to make an arrest. Compare United States v. Tavolacci, 895 F.2d 1423, 1428 (D.C.Cir.1990) (search could be justified as incident to arrest where fruits of search were not needed to establish probable cause and officer testified he had decided to make arrest before conducting the search) with United States v. Robinson, 414 U.S. 218, 234 & n. 5 (1973) (justification for authority to search incident to arrest in large part "flows from the fact of the arrest ... and not from the grounds for the arrest"). Because we affirm on the grounds that appellant voluntarily consented to the search of his luggage, however, we need not pass on this question.
 
 
 6
 Relying on testimony given by Detective Coates at a pre-trial suppression hearing, the district court found that the Detective obtained valid consent to pat-down the appellant and to search his luggage. This ruling may be overturned only if clearly erroneous, see United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989), yet nothing in the record casts serious doubt on the district court's determination.
 
 
 7
 Solomon argues that he could not have freely consented to searching the bags because he was "seized" when Investigator Thomas Cook of the Amtrak Police led him toward the station's ticket counter. Because prior discovery of marijuana on Solomon's person afforded the officers ample basis to reasonably suspect additional criminal activity, however, we need not decide whether a seizure actually occurred. Any potential seizure of Solomon after discovery of the marijuana was a lawful investigative stop. See Florida v. Royer, 460 U.S. 491, 498-99 (1983) (plurality opinion extending rationale of "Terry stops" to drug context). Because the detention of Solomon (if any) was lawful, the district court's finding of valid consent was sufficient to render the drugs found in Solomon's luggage admissible. See id. at 502 ("[H]ad Royer voluntarily consented to the search of his luggage while he was justifiably being detained on reasonable suspicion, the products of the search would be admissible against him."); United States v. Battista, 876 F.2d 201, 206 & n. 7 (D.C.Cir.1989) ("The mere fact that Battista was temporarily 'seized' for fourth amendment purposes does not undermine his ability voluntarily to consent to a search.").
 
 
 8
 For the foregoing reasons, the challenged conviction is Affirmed.